## NOAD v. CANADIAN PAC. RY. CO.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

FALSE IMPRISONMENT—EVIDENCE.

> In a suit for false imprisonment, it appeared that defendant's pay car had been robbed in Canada, and that, on application of defendant, a warrant was issued for plaintiff's arrest, but it did not appear what became of such proceedings; that thereafter a policeman of New York City received a Canadian warrant for the arrest of plaintiff, and that he was arrested, and confined several days, and discharged without examination. Subsequently he was arrested in extradition proceedings, and discharged.

The Canadian warrant was not shown to be the one issued at the instance of defendant, nor did it appear what warrant the arrest was made under. *Held* that, there being no proof that defendant was connected with the issue of the Canadian warrant, or the first arrest, or the arrest in extradition, the complaint was properly dismissed.

Appeal from trial term, New York county.

Action by Henry B. L. Noad against the Canadian Pacific Railway Company. Judgment for defendant. Plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

I. Newton Williams, for appellant.
W. J. Townsend, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for false imprisonment. At the close of the trial, on motion of the defendant's counsel, an order was made dismissing the complaint on the merits, and from the judgment entered thereon the plaintiff has appealed.

Upon the trial it appeared that some time between February 18 and March 4, 1896, a pay car of the defendant was robbed in the dominion of Canada of $5,550; that the plaintiff was suspected of having stolen the money, and, on the application of the defendant, a warrant for his arrest was issued by a magistrate of the city of Montreal, in the dominion of Canada. It did not appear what was done with that warrant, or what subsequently became of the criminal proceedings thus instituted. It did appear that early in July of the same year, while the plaintiff was in the city of Brooklyn, in this state, one O'Brien, a member of the police force of the city of New York, received, at police headquarters, a Canadian warrant issued for the arrest of the plaintiff, but it did not appear whether it was the warrant issued upon the application of the defendant or not. O'Brien went to the city of Brooklyn by the direction of a captain of the police force of the city of New York, and arrested the plaintiff. Upon what warrant such arrest was made did not appear, and, inasmuch as a legal arrest could not have been made under the Canadian warrant, there certainly is not, in the absence of proof to the contrary, any presumption that he was taken into custody by virtue of it. After the plaintiff's arrest, he was taken to police headquarters, where he remained until the 13th of July, when he was taken before a magistrate, and discharged without an examination. He was subsequently rearrested by a United States marshal in extradition proceedings, and, after a hearing had therein, he was again discharged.

The record fails to disclose any evidence connecting the defendant, either directly or indirectly, with the issue of the warrant delivered to O'Brien, or the arrest made by him, or with the arrest in extradition proceedings. This being the condition of the evidence at the close of the trial, the trial court could do nothing but grant the defendant's motion to dismiss the complaint. Before one can be subjected to damages for false imprisonment, proof must be presented from which a jury can find that the arrest was caused by the one

from whom the damages are sought, or that such person had something to do or was connected in some way with the imprisonment.

It follows, therefore, that the judgment appealed from must be affirmed, with costs. All concur.